Jacob Markowitz, J.
On application numbered 108 of calendar of November 5,1959, eight persons who had been appointed to the position of Assistant Housing Manager, by proceeding pursuant to article 78 of the Civil Practice Act, seek to enjoin and restrain the respondents from initiating an action to revoke their promotion, from terminating their promotion, and to direct the continuance of their employment and payment of their salaries. By motion numbered 109 of said calendar, four *942 other similarly-situated persons move to intervene in this proceeding. By motion numbered 110 of said calendar, six others who had passed the examination and were on the eligible list, although not yet appointed, seek also to intervene. The motions by each group to intervene are granted.
With regard to the article 78 proceeding, a brief review of the facts is necessary to comprehend the decision. All of the civil service employees who appear in this proceeding as petitioners or intervenors were employed by the Housing Authority as Housing Assistants. A promotion examination was held; they all applied for and took the examination. The part of the examination with which we are concerned is Part I, the 60 multiple-choice questions. Subsequent to the test, 2 of the questions were deleted. This affected the percentage value of each question so that each was entitled to 1.724% instead of 1.667 %, based on 58 instead of 60 questions. In order to avoid penalizing candidates because of the deleted questions, it was decided to apply the lower percentage to each wrong answer. This determination was never challenged by any party. Thereafter the respondents determined that this part of the examination was too difficult and determined that it would apply a conversion formula which would deduct 1.5% for each wrong answer. Thereupon, an article 78 proceeding was instituted. Some of the petitioners therein have been allowed to intervene in the instant proceeding. They claimed they were aggrieved by the use of the conversion formula, as by the use of it they were placed lower on the eligible list. The Court of Appeals sustained that contention on the ground that the conversion formula could not affect the applicants at the examination, as its use was then not allowed, by regulation, in a promotion examination (Matter of Hymes v. Schechter, 6 N Y 2d 352 [July, 1959]). The matter was remitted to Special Term for further proceeding not inconsistent with its opinion.
The unequivocal meaning of the determination of the Court of Appeals is that the list of eligibles as promulgated is set aside and the respondent is obliged to compile another list excluding the use of the conversion formula. However, as the matter was not before the court, there was no determination with regard to the percentile value of each question. However, as the passing mark was set at 70%, and the applicant so notified, the value of each question should be placed at 1.724%, requiring that 41 correct answers of the 58 questions be made in order to sustain a passing mark.
The petitioners and intervenors have failed to show that they come within the group which would be eligible on this rating, *943 and, accordingly, the petition is dismissed. It does not aid them to assert that they are being improperly removed from their positions or from the list, as the decision of the Court of Appeals rules that they were never properly on the list. Also there is neither a balance of equities in their favor nor will such action cause confusion, disorder and unduly interfere with the orderly administration of the Housing Authority. In any event, in the absence of such claim by the Authority, it is untenable here.